IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAO WANG,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>JEH JOHNSON, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, LEON RODRIGUEZ, DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION SERVICES<br><br>　　　　Defendants. | CIVIL ACTION<br><br><br>NO. 15-CV-358 |

<u>**MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS**</u>

**Baylson, J.**                                                                                                                **August 18, 2015**

**I.    Introduction**

　　　This is an immigration case in which the plaintiff, Tao Wang, a Chinese citizen and native, alleges a claim under the Administrative Procedure Act (APA) challenging a decision by the Board of Immigration Appeals (BIA) that revoked her I-130 spousal visa and rejected her I-485 adjustment of status. Defendants filed a motion to dismiss due to lack of subject matter jurisdiction. They argue that the decision to revoke the spousal visa was discretionary under applicable law and not judicially reviewable. For the reasons that follow, Defendants' motion will be granted and Wang's complaint will be dismissed for lack of jurisdiction.

**II.    Factual Allegations**

　　　Wang entered the United States as a B-1 visitor on July 8, 2006. Compl. ¶ 9 (ECF 1). On November 9, 2011, she married U.S. citizen Roy Jones in Wilmington, DE. <u>Id.</u> ¶ 10. Based on

1

the marriage, Jones filed an immigrant visa petition (Form I-130) on Wang's behalf on December 13, 2011. Id. ¶ 11. The petition was approved on November 27, 2012. Id. ¶¶ 11-12. On February 19, 2013, Wang applied for an adjustment of status (Form I-485) to become a permanent resident. Id. ¶ 13. However, on August 9, 2013, the U.S. Citizenship and Immigration Services (USCIS) issued a Notice of Intent to Revoke for the previously approved I-130 petition. Id. ¶ 15. The Notice revealed that Wang had indicated that she was married to Ma Guang when she applied for a non-immigrant visa in 2006. Compl. Add. Exs. at 14 (ECF 1-1). The USCIS then determined that Wang had failed to prove that her prior marriage to Ma Guang had ended and revoked the I-130 petition pursuant to 8 U.S.C. § 1155. Based on the I-130 revocation, the USCIS denied Wang's adjustment of status application (I-495) on December 3, 2013. Compl. ¶ 18 (ECF 1). Wang appealed the decision to the BIA. The BIA affirmed the decision because Wang neither proved that she had terminated her previous marriage nor proved that the previous marriage had never existed. Id. at 11.

Wang alleges that she has suffered a legal wrong because of the USCIS's decision and that she is entitled to judicial review of that wrong based on the APA. Id. ¶¶ 22-23. She alleges that her stated marriage to Ma Guang was not real and was added to her immigration form by a "Snakehead," a Chinese immigrant smuggler, to allow her to leave China. Id. ¶ 25. Therefore, Wang alleges that it was arbitrary and capricious for the USCIS to revoke her visa petition because she could not produce evidence that her fake marriage to Ma Guang had been nullified. Id. ¶ 23.

### III. Procedural History

Wang filed her complaint on January 23, 2015. Compl. (ECF 1). On March 30, 2015, Wang provided two documents to this Court that were not previously reviewed by the USCIS: a

2006 divorce certificate from a prior marriage to Geng Derun and a certificate indicating that Wang had no marriages on a marriage registration record after 2006. Pl.'s Add. Exs., at 8, 15 (ECF 10). On April 13, 2015, Defendants filed a Motion to Dismiss for lack of subject-matter jurisdiction. Defs.' Mot. (ECF 11). This was followed by Wang's opposition on June 1, 2015 (ECF 13) and Defendants' reply on June 4, 2015 (ECF 15).

**IV.     Standard of Review**

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction may present either a facial or a factual attack. CNA v. United States, 535 F.3d 132, 139 (3d Cir.2008). A facial attack concerns "an alleged pleading deficiency," whereas a factual attack concerns "the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." Id. (alteration in original) (internal quotation marks omitted). Defendants' challenge here is factual, not facial, because the Motion challenges whether the district court has actual jurisdiction to hear the case. Id. In a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). By contrast, in a factual attack, "no presumption of truthfulness attaches to the allegations of the plaintiff," the plaintiff has the burden of proving subject matter jurisdiction, and the court has the authority to review evidence outside the pleadings and make factual findings that are decisive to determining jurisdiction. CNA, 535 F.3d at 139, 145. Nevertheless, the difference between a facial and factual attack is immaterial here because the material jurisdictional facts are not in dispute.

**V.     Discussion**

     A.     <u>Decisions Made Pursuant to 8 U.S.C. § 1155 Are Discretionary and Are Not Subject to Judicial Review</u>

Defendants' motion to dismiss will be granted because the USCIS' decision was discretionary under binding Third Circuit precedent. Congress has stated that no court[1] shall have jurisdiction to review:

> any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii).[2] To preclude judicial review, discretion "'must be specified by *statute*,' and . . . whether such a specification has been made is determined 'by examining the statute as a whole.'" <u>Jilin Pharm. USA, Inc. v. Chertoff</u>, 447 F.3d 196, 200 (3d Cir. 2006) (quoting <u>Soltane v. U.S. Dep't of Justice</u>, 381 F.3d 143, 146-147 (3d Cir. 2004)). However, "'the use of marginally ambiguous statutory language, without more, is inadequate to specify that a particular action" is discretionary. <u>Id.</u> (quoting <u>Soltane</u>, 381 F.3d at 147) (alterations omitted).

A decision to revoke an I-130 petition is made pursuant to 8 U.S.C § 1155, which states that "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this

---

[1] The plain language of § 1252(a)(2)(B) strips *both* district and appellate courts of jurisdiction, in contrast to § 1252(b)(2) that grants exclusive jurisdiction to circuit courts for review of final orders of removal. The Tenth Circuit has explicitly held that this language strips jurisdiction from both district and appellate courts. See <u>Green v. Napolitano</u>, 627 F.3d 1341, 1343 (10th Cir. 2010) ("We conclude that § 1252(a)(2)(B)(ii) strips a district court of jurisdiction to review a § 1155 revocation."); <u>Hamilton v. Gonzales</u>, 485 F.3d 564, 568 (10th Cir. 2007) ("Our jurisdiction to review [a visa revocation decision] is precluded by the plain meaning of § 1252(a)(2)(B) . . . .").

[2] Although § 1252 is titled "Judicial review of orders of removal," the jurisdiction stripping provision has been amended to apply "regardless of whether the judgement, decision, or action is made in removal proceedings." REAL ID Act of 2005, Pub.L. No. 109–13, Div. B., § 101(f)(2), 119 Stat. 231, 305 (2005) (codified as amended at 8 U.S.C. § 1252(a)(2)(B)).

title." 8 U.S.C. § 1155. In Jilin, the Third Circuit held that a decision to revoke an approved I-140 visa petition under § 1155 was "left to the discretion of the Secretary of Homeland Security." 447 F.3d at 205. Thus, under § 1252(a)(2)(B)(ii), federal courts did not have jurisdiction to review the decision to revoke approval of the visa petition. Id.

Jilin determined that § 1155 specifies discretion for the Secretary because of its plain language. Id. at 203. The Third Circuit examined four key phrases from § 1155 that established the Secretary's discretion. First, § 1155 states that the Secretary "may" revoke approval of a petition. Id. The word "may" is "indicative of administrative discretion." Id. Second, § 1155 allows for revocation "at any time," which "connotes a level of discretion." Id. Third, § 1155 permits the Secretary to revoke petitions when he "deems" there to be good and sufficient cause. Id. That language indicates that it is within the Secretary's discretion to determine when good and sufficient cause exists. Id. Fourth, the full operative phrase "for what [the Secretary] deems to be good and sufficient cause" is so subjective that it provides no legal standard with which courts could review administrative decisions. Id. at 204-05. Congress could not have intended for courts to inquire "into the Secretary's subjective thought process" and this language leaves "no meaningful standard of review," making the administrative decision "not subject to judicial review." Id.

The Third Circuit's interpretation has been confirmed by all other circuits that have heard the issue except for one. Mehanna v. U.S. Citizenship & Immigration Servs., 677 F.3d 312, 314-15 (6th Cir. 2012) (revoking a visa petition under § 1155 is discretionary); Green v. Napolitano, 627 F.3d 1341, 1344-46 (10th Cir. 2010) (same); Abdelwahab v. Frazier, 578 F.3d 817, 821 (8th Cir. 2009) (same); Sands v. U.S. Dep't of Homeland Sec., 308 Fed. App'x 418, 419-20 (11th Cir. 2009) (same); Ghanem v. Upchurch, 481 F.3d 222, 223-24 (5th Cir. 2007) (same); El-

Khader v. Monica, 366 F.3d 562, 566 (7th Cir. 2004) (same). But see ANA Int'l Inc. v. Way, 393 F.3d 886, 889 (9th Cir. 2004) (revoking a petition is not "entirely" discretionary and subject to judicial review). Additionally, other district courts in the Third Circuit have also held that § 1155 confers full discretion upon the Secretary. Trans Am. Trucking Serv., Inc. v. Holder, No. 09-cv-6116, 2010 WL 1371663, at *2 (D.N.J. Apr. 5, 2010) (holding court lacked jurisdiction to review an I-140 petition revocation); Ibraimi v. Chertoff, No. 07-cv-3644, 2008 WL 3821678, at *4 (D.N.J. Aug. 12, 2008) (same). The decision in Jilin is controlling in this case and it established that decisions by the Secretary made pursuant to § 1155 are not subject to judicial review.

      B.      Plaintiff's Other Arguments in Favor of Jurisdiction Are Unavailing

Wang's arguments for jurisdiction fail because Jilin still applies and her case cannot be distinguished. Wang argues that Jilin has been overruled by the Supreme Court in Kucana v. Holder, 558 U.S. 233 (2010), but Kucana addressed an issue that has no bearing on Jilin's holding. In Kucana, a plaintiff sought judicial review of a denial of a motion to reopen a removal proceeding. 558 U.S. at 236-37. Discretionary authority to act on a motion to reopen had been granted to the BIA by a regulation.[3] Id. at 243-44. The Court held that the proscription of judicial review in § 1252(a)(2)(B) only applies to actions that have been made discretionary by statute as opposed to actions declared discretionary by regulation. Id. at 252-53. Hence, the decision on the motion to reopen was judicially reviewable. Id. In this case, the discretionary authority to revoke a petition is based on a statute—§ 1155—and is not affected by the Kucana holding.

Wang points to a footnote in Kucana that she argues outlined a standard for how discretion must be specified under § 1252(a)(2)(B)(ii), but this language does not affect the Jilin

---

[3] "The decision to grant or deny a motion to reopen ... is within the discretion of the Board." 8 C.F.R. § 1003.2(a).

6

holding. Kucana rejected an argument that there was a statutory basis for discretion in a motion to reopen based on the language "[t]he motion to reopen shall state the new facts that will be proven at a hearing to be held *if the motion is granted*." 8 U.S.C. § 1229a(c)(7)(B) (emphasis added). The Court, quoting the same Third Circuit language in Soltane that was quoted in Jilin, stated that discretion in that section may have been implied by "if," but it was not "specified" to the extent required by § 1252(a)(2)(B)(ii). Kucana, 558 U.S. at 243 n.10.

In this case, the language in § 1155 is "readily distinguishable" from the language in § 1229a(c)(7)(B). Mehanna, 677 F.3d at 316. Section 1155 "unequivocally" puts the decision to revoke a petition in the discretion of the Secretary. Id. Thus, the determination that a "visa-revocation decision is discretionary is unaltered by [Kucana]." Green, 627 F.3d at 1345.

Wang's second argument is that the Court has jurisdiction over her I-485 adjustment of status decision because the determination of eligibility for status adjustment is a reviewable legal question. Wang cites to Pinho v. Gonzales, 432 F.3d 193 (3d Cir. 2005) for this premise. In Pinho, the Third Circuit held that it could review a status adjustment decision based on whether the plaintiff had been "convicted" of a crime for purposes of the immigration statute. Id. at 204. The court determined that it had to interpret the statutory meaning of "conviction," which was a purely legal question that did not implicate agency discretion. Id. Thus, the court had jurisdiction. Id.

In this case, the denial of the I-485 status adjustment was based on the revocation of the I-130 petition. A status adjustment is made pursuant to 8 U.S.C. § 1255(a), which reads:

> The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United

7

>States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

The revocation of the I-130 visa made Wang unable to satisfy the third requirement. Whether or not the I-130 petition was or should have been revoked is not a legal question like the question in <u>Pinho</u> of what constituted a "conviction" under the relevant statute. Thus, there is no non-discretionary question about legal eligibility for adjustment of status to serve as a basis for this Court's jurisdiction. Therefore, <u>Pinho</u> does not apply.

Wang also argues that *any* decision of whether an applicant is eligible for a status adjustment—even based on a visa revocation—is a legal question, but this assertion goes against the plain language of § 1255, which expressly confers discretion. Also, precedent does not indicate that denying a status adjustment for ineligibility on the basis of a visa revocation gives rise to a reviewable legal question. In <u>Jilin</u>, the plaintiff also applied for a status adjustment before his petition was revoked. The court did not discuss the status adjustment issue when determining that it did not have jurisdiction over the claim. <u>Jilin</u>, 447 F.3d at 198-205; <u>see also</u> <u>El-Khader</u>, 366 F.3d at 564-68 (filing an I-485 status adjustment prior to revocation of I-140 not discussed as grounds for jurisdiction); <u>Ibraimi</u>, 2008 WL 3821678, at *1, 4 (filing an I-485 before an I-130 revocation was not discussed as a basis for jurisdiction). In this case, like in <u>Jilin</u>, the status adjustment application does not affect jurisdiction over the visa revocation decision.

Wang's last argument is that this Court has jurisdiction based on a federal question and due process, but this argument also fails. The Third Circuit in <u>Jilin</u> stated that claims brought under 28 U.S.C. § 1331 are "immediately precluded by the opening words of 8 U.S.C. § 1252(a)(2)(B)." 447 F.3d at 206. That section states that *"[n]otwithstanding any other provision of law*, . . . no court shall have jurisdiction to review . . . decision[s] . . . specified in this subchapter to be in the discretion of the. . . Attorney General or the Secretary of Homeland

8

Security." 8 U.S.C. § 1252(a)(2)(B) (emphasis added). In this case, Wang's assertions that jurisdiction exists under § 1331 are likewise precluded by § 1252(a)(2)(B).

Wang also references an asylum application that she submitted when she first arrived in the United States, which resulted in the initiation of removal proceedings. However, those removal proceedings were closed once her I-130 was initially approved and do not affect this Court's lack of jurisdiction to consider a challenge to the revocation of her I-130 petition.

Lastly, the evidence that Wang supplied on March 30, 2015 (ECF 10), in an attempt to bolster her claim that she was never married to Ma Guang, was not before the BIA and is not relevant to the determination of whether this Court has jurisdiction.

## VI.     Conclusion

Plaintiff's claims will be dismissed for lack of subject matter jurisdiction because the decision to revoke approval of an I-130 petition is discretionary and not subject to judicial review.

An appropriate order follows.


O:\CIVIL 15\15-358 wang v. johnson\15cv358.Memo.Wang.MTD.2015.08.07.docx